**Steven FERGUSON, Plaintiff—Appellee,**

v.

**Jay BECKMAN; et al., Defendants—Appellants,**

and

**Christopher Communities/Southern Highlands Golf Club Homeowners Association; et al., Defendants.**

No. 05–15508.

United States Court of Appeals, Ninth Circuit.

Submitted June 14, 2005.*

Decided June 17, 2005.

Mark E. Ferrario, Esq., Shaun P. Haley, Tami D. Cowden, Esq., O'Reilly & Ferrario, LLC, Las Vegas, NV, for Defendants–Appellants and Defendants.

Sean L. Anderson, Esq., Santoro, Driggs, Walch Kearney, Johnson & Thompson, Frank M. Flansburg, III, Esq., Marquis & Aurbach, Las Vegas, NV, for Defendants.

Before: KLEINFELD, TASHIMA, and THOMAS, Circuit Judges.

MEMORANDUM **

A plaintiff is entitled to a preliminary injunction if he demonstrates either (1) a combination of probable success on the merits and the possibility of irreparable harm or (2) that serious questions are raised and the balance of hardships tips sharply in the plaintiff's favor. *See Prudential Real Estate Affiliates, Inc. v. PPR Realty, Inc.*, 204 F.3d 867, 874 (9th Cir. 2000) (describing the two formulations for the availability of preliminary injunctive relief).

The district court's order granting a preliminary injunction contains insufficient findings to permit appellate review of whether the plaintiff satisfied that standard here. We therefore REMAND the case for the district court to set forth the factors that support its decision to grant the preliminary injunction. The prelimi-

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

nary injunction will be vacated unless the district court issues the order setting forth such factors within sixty (60) days of this order. This court will not retain jurisdiction during this remand. A new appeal can be taken from such an order, issued on remand, setting forth the factors supporting the preliminary injunction.

REMANDED.[1]

---

1. We lack jurisdiction to review the district court's denial of defendants' motion to dissolve the temporary restraining order because the exceptions to the nonappealability of a temporary restraining order are not present here. *See Bennett v. Medtronic, Inc.*, 285 F.3d 801, 804 (9th Cir.2002) (as amended on denial of rehearing).

